1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 JACOBY T. JACKSON, | Case No. 1:25-cv-00348-SAB-HC |
| 13      Petitioner, | ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL |
| 14      v. | (ECF No. 4) |
| 15 CALIFORNIA, | |
| 16      Respondent. | |

17

18      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.

20      Petitioner has moved for appointment of counsel. (ECF No. 4.) There currently exists no

21 absolute right to appointment of counsel in habeas proceedings. <u>See, e.g.</u>, <u>Chaney v. Lewis</u>, 801

22 F.2d 1191, 1196 (9th Cir. 1986); <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir. 1958).

23 However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the

24 proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. §

25 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the

26 likelihood of success on the merits as well as the ability of the petitioner to articulate his claims

27 pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952,

28 954 (9th Cir. 1983).

1

1    Upon review of the petition, the Court finds that Petitioner appears to have a sufficient

2  grasp of his claims and the legal issues involved and that he is able to articulate those claims

3  adequately. The legal issues involved are not extremely complex, and Petitioner does not

4  demonstrate a likelihood of success on the merits such that the interests of justice require the

5  appointment of counsel at the present time.

6    Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel

7  (ECF No. 4) is DENIED.

8

9  IT IS SO ORDERED.

10  Dated:   **April 25, 2025**

STANLEY A. BOONE
11  United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28