# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY T. JACKSON,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA,<br><br>    Respondent. | Case No. 1:25-cv-00348-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Petitioner currently has two habeas petitions pending before this Court in Jackson v. Tulare County, No. 1:25-cv-00257-SAB,[1] and the present case. "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. Cal. Dep't of Health Servs., 487

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

1  F.3d 684, 688 (9th Cir.2007) overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904
2  (2008). "Plaintiffs generally have 'no right to maintain two separate actions involving the same
3  subject matter at the same time in the same court and against the same defendant.'" Adams, 487
4  F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1977) (en banc)).

5        In assessing whether a second action is duplicative of the first, the Court examines
6  whether the causes of action and relief sought, as well as the parties or privies to the action, are
7  the same. Adams, 487 F.3d at 689. First, the Court must examine whether the causes of action in
8  the two suits are identical pursuant to the transaction test, developed in the context of claim
9  preclusion. Id. Second, the Court determines whether the defendants are the same or in privity.
10 Privity includes an array of relationships which fit under the title of "virtual representation."
11 Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual
12 representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691
13 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship
14 include a close relationship, substantial participation, and tactical maneuvering." Adams, 487
15 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

16       A plaintiff is required to bring at one time all of the claims against a party or privies
17 relating to the same transaction or event. Adams, 487 F.3d at 693. The Court has discretion to
18 dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single
19 cause of action and litigating piecemeal the issues which could have been resolved in one
20 action." Id. at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th
21 Cir.1969) (per curiam)).

22       In both this case and in case number 1:25-cv-00257-SAB, Petitioner challenges his 2023
23 Tulare County convictions for murder, arson, and vehicle theft for which he was sentenced to an
24 imprisonment term of life without the possibility of parole. Generally, "where a new *pro se*
25 petition is filed before the adjudication of a prior petition is complete, the new petition should be
26 construed as a motion to amend the pending petition rather than as a successive application."
27 Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008). However, here, the later-filed petition
28 does not attempt to raise new claims and appears to have fewer factual allegations than the

petition currently pending in the previously filed case. Therefore, construing the later-filed petition as a motion to amend would serve no purpose. Accordingly, the instant petition for writ of habeas corpus should be dismissed as duplicative of the petition filed in in <u>Jackson v. Tulare County</u>, No. 1:25-cv-00257-SAB.

## II.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as duplicative.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 25, 2025**__

STANLEY A. BOONE
United States Magistrate Judge

3